IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY R. RODRIGUEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3605 |
| | : | |
| CHRIS MILLER, *et al.* | : | |
|     Defendants. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                   **AUGUST 14, 2020**

    *Pro se* Plaintiff Andy R. Rodriguez, an inmate incarcerated at Lehigh County Jail ("LCJ"), has filed a Complaint asserting federal constitutional law claims pursuant to 42 U.S.C. § 1983. Named as Defendants are Chris Miller, identified as the person responsible for inmate accounts at LCJ, and LCJ Warden Kyle A. Russell. Mr. Rodriguez has also moved to proceed *in forma pauperis*. For the following reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- **FACTUAL ALLEGATIONS**

Mr. Rodriguez's allegations are straight forward. He asserts that money in his inmate account has been deducted to repay alleged internal restitution charges stemming from an incident that occurred 27 years earlier when he also was an inmate at LCJ. He states that he was accused of damaging jail property without evidence and that "there were no charges filed." (ECF No. 2 at 4.) Rodriguez filed a grievance about the allegedly improper deductions, but his grievance was denied at each stage of the grievance process and, at the final stage, by Defendant Russell. He alleges that the deductions violate his due process rights. (*Id.*) He seeks the return of his money and nominal damages. (*Id.*)

**II.    STANDARD OF REVIEW**

Because Rodriguez is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id*. As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

Mr. Rodriguez's Complaint cites 42 U.S.C. § 1983 as the basis for the Court's subject matter jurisdiction over his claims. That section provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Due Process Claim

Mr. Rodriguez asserts that the deduction of money from his prison account violates his due process rights under the Fourteenth Amendment. Under the Fourteenth Amendment, an inmate has a protected property interest in the funds held in his inmate account. *See Hale v. Beard*, 168 F. App'x 532, 534 (3d Cir. 2006) (per curiam) (citing *Higgins v. Beyer*, 293 F.3d 683, 693 (3d Cir. 2002); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000)); *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (holding that an inmates is "entitled to due process with respect to any deprivation of this money."). However, "due process 'is flexible and calls for such procedural protections as the particular situation demands[,]'" *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 12 (1979) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)), in order "to minimize the risk of erroneous decisions." *Id.* at 13. Moreover, even if a state actor intentionally or negligently deprives an inmate of such funds, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Love v. New Jersey Dep't of Corr.*, Civ. A. No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)).

Where money is deducted from an inmate's account as "routine matters of accounting," courts have held that a pre-deprivation process is unnecessary and all that is required is adequate notice regarding the policy and an opportunity to be heard through an adequate post-deprivation procedure. *See Montanez v. Secretary Pennsylvania Dep't of Corr.*, 773 F.3d 472, 483-84 (3d Cir. 2014) (citing *Reynolds*, 128 F.3d 166; *Tillman*, 221 F.3d at 422 (stating that a program involving "routine matters of accounting, with a low risk of error," requires no pre-deprivation process). Fees like those charged here to Rodriguez to recoup institutional restitution charges, have been deemed to be routine accounting matters for which a pre-deprivation hearing is unnecessary. *See Mayo v. Oppman*, Civ. A. No.17-311, 2019 WL 2513685, at *3 (W.D. Pa. June 18, 2019) (holding that fee assessed by the Pennsylvania Department of Corrections to recoup financial loss to prison property due to an inmate's misconduct is the "type of routine accounting matter where a pre-deprivation hearing is unnecessary.")

The due process clause of the 14th Amendment requires some opportunity for a claim to be presented and considered. Rodriguez concedes he utilized the LCJ grievance policy to contest the propriety of the deduction and to have the confiscated funds returned to his account prior to filing this action. Thus, he was provided with all the process to which he was entitled with respect to the deduction of funds from his account to satisfy his debt. The fact that Rodriguez is dissatisfied with the outcome of the grievance process does not equate to a denial of due process. *See Austin v. Lehman*, 893 F. Supp. 448, 454 n. 4 (E.D. Pa. 1995) ("Of course, that Plaintiff did not prevail in [the prison internal grievance review procedure] in no way affects the procedure's

adequacy as a post-deprivation remedy.")  Accordingly, the due process claim based on the alleged unauthorized deduction of funds from Rodriguez's inmate account to repay his institutional debt is subject to dismissal with prejudice.  *Accord Johnson v. Wetzel*, Civ. A. No. 17-0364, 2019 WL 1282603, at *7 (M.D. Pa. Mar. 20, 2019) (dismissing unauthorized deduction due process claim with prejudice where prison grievance procedure provided adequate post deprivation procedure); *Mayo*, 2019 WL 2513685, at *3.

### B. Claims Based on Grievance Process

Although it is not entirely clear, to the extent Rodriguez asserts a claim against Russell based on his role as final arbiter in the prison grievance process, that claim is also implausible and subject to dismissal.  Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."  *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Accordingly, the facts alleged by Rodriguez about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, Rodriguez's Complaint is dismissed.  Because any amendment of the due process claim and claim based on the result of the grievance process would be futile, the dismissal will be with prejudice and no leave to amend will be granted.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  An appropriate Order follows.

**BY THE COURT:**

s/ Gerald Austin McHugh
United States District Judge